29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Koshin HIRATANI, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF TREASURY; the Federal Bureau of
Investigation; Dick Guiliano, Defendants-Appellees.
 No. C.A. 93-56504.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.
Decided July 20, 1994.*
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Koshin Hiratani filed this appeal in his civil action against several federal agencies and officials following the district court's entry of an order on October 1, 1993, requiring Hiratani to obtain leave of the court before filing any additional documents in this case or any further lawsuits arising out of the same cause of action. The notice of appeal was filed on October 8, 1993.
 
 
 3
 Although Hiratani purports to appeal only the court's order of October 1, his brief addresses the court's summary judgment, entered on June 22, 1993. We have no jurisdiction to review the summary judgment order as Hiratani did not file a timely appeal. See Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within sixty days); Vaughan v. Ricketts, 950 F.2d 1464, 1466 (9th Cir.1991) (time limit for filing notice of appeal is jurisdictional).
 
 
 4
 Hiratani's motion to reconsider, filed May 10, 1993, does not overcome this bar. If the motion is construed as a motion to alter or amend the judgment, it was not timely filed. See Fed.R.Civ.P. 59(e), 6(a) (motion must be filed within ten days, excluding weekends and holidays). It thus did not toll the sixty-day period for filing an appeal. See Fed.R.App.P. 4(a)(4); Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir.1992). Although the motion may also be construed as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b), id. at 1463 n. 35, a motion pursuant to that rule does not toll the filing period unless it is filed within ten days after the judgment. Fed.R.App.P. 4(a)(4)(F); Barry v. Bowen, 825 F.2d 1324, 1328 (9th Cir.1987).
 
 
 5
 Thus the only court order properly before us on appeal is the order entered October 1, 1993, barring Hiratani from filing any papers in this action or any further lawsuits based on the same cause of action. The district court has the authority to enter such an order pursuant to 28 U.S.C. Sec. 1651(a). DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). Such an order must meet four criteria: 1) the party against whom the order is issued must have notice and the opportunity to be heard prior to issuance of the order; 2) the record must include a listing of the cases and motions that led the district court to conclude that the order was warranted; 3) the court must make substantive findings that the party's actions were frivolous or harassing; and 4) the order must be narrowly drawn to address the specific abuse. Id. at 1147-48.
 
 
 6
 The court's order in this case meets all of these requirements. The order was issued pursuant to defendants' application for a show cause order, which provided Hiratani with notice and the opportunity to respond. The order includes a list of Hiratani's previous cases based on substantially the same allegations, and Hiratani's practice of filing frivolous motions is reflected in the court record. The district court made a substantive finding in its order of April 26, 1993, that "although several final judgments have been entered against him, ... plaintiff continues to bring new, frivolous lawsuits based on the same meritless claims." Finally, the order is narrowly tailored, enjoining only the filing of future papers and lawsuits concerning the same cause of action. Because the court's order is "based on adequate justification supported in the record and narrowly tailored to address the abuse perceived," id. at 1149, it does not impermissibly limit Hiratani's access to the courts.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3